UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
JUL 23 2015
CLERK_____
SO. DIST. OF GA

| | |
|---|---|
| VALERIE STOREY, Individually and as Executrix of the ESTATE OF KENNETH CARTEE, <br><br>Plaintiffs, <br><br>v. <br><br>EFFINGHAM COUNTY, JIMMY MCDUFFIE, Individually, JIMMY MCDUFFIE, in his official capacity as Effingham County Sheriff, TRANSFORMHEALTHRX, INC., EFFINGHAM COUNTY BOARD OF COMMISSIONERS, ASHBY LEE ZYDONYK, Deputy, BRYAN SHEARHOUSE, Corporal, *et al.* <br><br>Defendants. | Case No. CV415-149 |

## ORDER

This civil rights case traces to the September 9, 2012 arrest of Kenneth Cartee. On that day he suffered from a chronic and severe mental disability resulting from an attempted suicide many years earlier. Doc. 1 at 2.[1] He also "was violent to [p]laintiff Valerie Storey and

---

[1] For the purpose of this Order only, the Court is accepting these factual allegations as true.

suicidal due to his mental disability and his inability to correctly ingest his [prescribed] medications . . . ." *Id.* at 2. Law enforcement took him to jail, where he was deprived of critical medical care. *Id.* at 3 "Cartee eventually died on June 25, 2013 from medical complications arising from the condition he was left in after his incarceration." *Id.*

Storey, his estate's representative, thus brought this 42 U.S.C. § 1983 action. Doc. 1. One of the defendants subpoenaed Gateway Behavioral Health Services -- evidently for Cartee's medical records. Doc. 53. Gateway's otherwise-supported motion to quash or modify that subpoena is unopposed under Local Rule 7.5 (no response means no opposition), so the Court **GRANTS** the maximum relief Gateway requests. Doc. 53 at 1 ("to quash or modify" it). Accordingly, the subpoena is **QUASHED**. Any party who subpoenas Gateway must consult the "how-to" guide supplied in Gateway's brief (doc. 53) *before* serving the subpoena. The Court also imports D.KAN. RULE 37.2[2] into

---

[2] That rule, in its entirety:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule

this case.

**SO ORDERED,** 23rd day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

> related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

D.Kan. Rule 37.2, *cited in Schneider v. CitiMortgage, Inc.*, 2014 WL 4749181 at * 1 (D. Kan. Sept. 24, 2014). This Court's Local Rule 26.5(c) reminds attorneys "that Fed. R. Civ. P. 26(c) and 37(a)(2) require *a party* seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court." S.D.GA.LOC.R. 26.5(c) (emphasis added). It does not extend to third parties. The "Kansas rule" does.